STATE OF VERMONT

**SUPERIOR COURT**                                    **ENVIRONMENTAL DIVISION**
                                                             **Docket No.  33-3-16 Vtec.**

**SECRETARY, VERMONT AGENCY**
**OF NATURAL RESOURCES,**
        **Plaintiff**


                v.


**SOUTH VILLAGE OWNERS ASSOCIATION, INC.,**
        **Respondent.**


## JUDGMENT ORDER

The above-captioned matter concerns the prosecution of an Administrative Order issued by the Vermont Agency of Natural Resources ("Agency") on February 1, 2016 against South Village Owners Association, Inc. ("Respondent") based upon allegations that Respondent violated various provisions of both its July 29, 2013 Public Community Water System Permit to Operate ("Permit") and Vermont's Water Supply Rule (the "Rules").  On April 6, 2016, Respondent requested a hearing on the Administrative Order.  The Court conducted the requested merits hearing on October 11, 2016.  Respondent failed to appear and the Agency presented evidence during the one day of trial.  At the conclusion of the Agency's case, the Court rendered its Findings of Fact and Conclusions of Law on the record.  This Judgment Order is issued to memorialize this Court's order and decree.  The court finds as follows:

1. Pursuant to 10 V.S.A. §8012(b), the Court hereby AFFIRMS the February 1, 2016 Administrative Order, with the modifications set forth herein, and concludes that Respondent violated:

   a. Condition II.B.1 of the Permit by failing to timely submit an Operation and Maintenance ("O&M") Manual to the Agency.

   b. Conditions II.B.3 and IV.B of the Permit by failing to submit monthly operations reports as required.

   c. Conditions II.B.4 and II.C of the Permit by failing to submit the required report identifying the status of the installation of a flow-paced disinfectant system.

d. Conditions II.B.5 and II.C of the Permit by failing to submit the required report identifying the status of the installation of a redundant booster bump.

e. Conditions II.B.6 and II.C of the Permit by failing to submit the required report identifying the status of the necessary repairs to the pump house/treatment building.

f. Conditions II.B.7 and II.C of the Permit by failing to submit the required report identifying the status of the necessary hydrant color-coding.

g. Conditions II.B.9 and II.C of the Permit by failing to submit the required report identifying the status of the necessary grading around Well #12.

h. Rule § 4.0.1 by constructing improvements to a public community water system without a permit.

i. Rule §§ 10.5 and 10.5.1 by failing to submit consumer confidence reports.

2. The Court bases its conclusion that these violations occurred on the evidence presented at trial, the Findings of Fact and Conclusions of Law that the Court recited on the record after trial, and the following written findings of fact as required by 10 V.S.A. §8012(c).

a. Respondent owns and operates the public community water systems serving the South Village Owners Association, which is located in Warren, Vermont near the Sugarbush ski resort (the "System").

b. The System serves no more than four hundred forty-five (445) people through seventy-three (73) year-round service connections.

c. Condition II.B of the Permit contains a compliance schedule setting forth certain actions Respondent was required to complete.

d. Condition II.C required Respondent to submit a report to the Drinking Water and Groundwater Protection Division (the "Division") within fifteen (15) days after the required compliance date indicating whether Respondent had completed the required actions. As of the trial date, Respondent filed no such report.

e. Condition II.B.1 required Respondent to submit an electronic copy of an O&M Manual to the Division for review and approval on or before February 1, 2014. As of the date of trial, Respondent had not submitted an O&M Manual to the Division.

2

f.  Conditions II.B.3 and IV.B. required Respondent to submit monthly operations reports no later than the 10th day of each month indicating the metered amount of water produced and the chlorine residual taken at the entry point to the distribution system for each day that a chemical disinfectant is applied.  The last time Respondent submitted a monthly operation report was March 2014.

g.  Condition II.B.4 required Respondent to install a means of applying flow-paced chemical disinfectant on or before November 1, 2013.  As of the date of trial, Respondent had not submitted a report confirming that it had done so, in violation of Condition II.C.

h.  Condition II.B.5 required Respondent to install a redundant booster pump in the upper pump station on or before January 1, 2014.  As of the date of trial, Respondent had not submitted a report confirming that it had done so, in violation of Condition II.C.

i.  Condition II.B.6 required Respondent to make all necessary repairs to the pump house/treatment building in order to protect against rodent and insect infiltration on or before December 1, 2013.  Ben Montross, the Division's Compliance and Support Services Section Chief, testified that although Respondent has constructed a new pump house/treatment building, Respondent is still using the older pump house/treatment building covered by this condition.  In addition, as of the date of trial, Respondent had not submitted a report confirming that it had repaired that pump house/treatment building, in violation of Condition II.C.

j.  Condition II.B.7 required Respondent to complete color-coding of the flushing hydrants and inform the local fire department that the color-coded flushing hydrants are not to be used for fire protection on or before December 1, 2013.  Mr. Montross testified that Respondent has color-coded the flushing hydrants, but failed to submit a reporting stating so by the deadline set forth in the Permit, in violation of Condition II.C.

k.  Condition II.B.9 required Respondent to re-grade the area around Well #12 using a backfill material of high clay content in order to reduce the potential for surface water collection around the well casing and contaminate the source on or before December 1, 2013.  Mr. Montross testified that the area around Well #12 has been properly re-graded, but

Respondent failed to submit a reporting stating so by the deadline set forth in the Permit, in violation of Condition II.C.

l.  The Agency notified Respondent of these violations in a Notice of Alleged Violation dated April 16, 2014.

m. On September 11, 2015, the Division issued Respondent a public water system construction permit to construct certain improvements to the System (the "Construction Permit"). Constructing these improvements will correct the violations of Conditions II.B.4, II.B.5, and II.B. 6 of the Permit. Respondent has failed to confirm for the Division that these improvements have been completed. On October 10, 2016, Division personnel inspected the System and confirmed that while some of the improvements authorized by the Construction Permit have been constructed, they have not been connected to the system and, therefore, the violations of Conditions II.B.4, II.B.5, and II.B. 6 of the Permit persist.

n.  Rule § 4.0.1 prohibits the construction, alteration, renovation, or conversion for use as a public or a non-public water system requiring a permit, of any system or any portion thereof, except as provided in Section 21-4.0.2., without first receiving a source permit or construction permit from the Secretary.

o.  On August 4, 2014, Respondent notified the Agency via email that it had installed one thousand five hundred feet (1,500) of new distribution lines, constructed a new pump house, and connected two wells to the System. Respondent did not obtain a construction permit prior to construction of these improvement in violation of Rule § 4.0.1.

p.  Rule §§ 10.5 and 10.5.1 require that all public community water suppliers prepare and directly deliver an annual consumer confidence report regarding the quality of the water by July 1 of each year to the customers of the water system based on the immediately preceding calendar year and that the report must be sent to the Agency no later than July 1 of each year. Mr. Montross testified that Respondent failed to submit consumer confidence reports to the Agency by July 1 in 2013, 2014, and 2015. The Agency notified Respondent of its failure to do so in 2014 in a September 10, 2015 Notice of Alleged Violation.

4

q. On January 2, 2014, this Court entered as a judgment in a prior proceeding against Respondent an Assurance of Discontinuance between Respondent and the Agency of Natural Resources for previous violations of Vermont's environmental laws, rules, and regulations. *See* Docket No. 183-12-13 Vtec.

r. The Agency incurred at least $78.08 in enforcement costs associated with serving the Administrative Order on Respondent.

3. Pursuant to 10 V.S.A. §8010, the Court considered the statutory criteria listed therein based on evidence provided during the trial in determining the amount of penalty for the violations and took the following into consideration:

a. 8010(b)(1): Respondent's violations presented significant potential to result in serious impacts on public health, safety, welfare, and the environment. The source of these impacts includes, but is not limited to the possibility that the violations could result in a depletion of groundwater serving both the system and adjacent wells and the possibility that the water within the system could become either overly treated or under treated. Should the users of the System ingest overly treated water, they could suffer significant adverse health effects from such things as dermal irritation from contact with excessively chlorinated water. Should the users of the System ingest under treated water, they could suffer significant adverse health effects from such things as gastrointestinal distress, up to and including in certain instances death, from drinking water contaminated with such things as *E. coli*.

b. 8010(b)(2): The Court finds that none of the evidence presented includes any mitigating circumstances.

c. 8010(b)(3): Respondent had knowledge of the laws, rules, and regulations applicable to the Systems, as well as of the violations discussed above through, at a minimum, its correspondence with Division personnel, the permits that it received to operate and improve the System, and the Notices of Alleged Violation that it received from the Division.

5

d.  8010(b)(4): Respondent's record of non-compliance includes a previous judgment against it in Docket No. 183-12-13 Vtec, as well as the prolonged duration of the violations at issue in this case despite notice from the Agency that those violations existed.

e.  8010(b)(6): The penalty set forth below is adequate for deterrence.

f.  8010(b)(7): The Agency's costs of enforcement in this matter include $78.08 associated with serving its Administrative Order on Respondent.

g.  8010(b)(8): The violations occurred over a long period of time and are on-going. Mr. Montross testified that some of the violations date back to 2012 and 2013.

4. The Court does hereby exercise its discretion and authority under 10 V.S.A. §8012(b)(4) to modify the penalty amount found in Paragraph A of the Administrative Order and orders as follows:

a. Respondent shall pay a penalty of **$35,000.00** within thirty (30) consecutive calendar days from the date of this Judgment Order. Payment shall be by check made payable to the "Treasurer, State of Vermont" and forwarded to:

> Administrative Assistant
> Environmental Compliance Division
> Agency of Natural Resources
> 1 National Life Drive, Davis 2
> Montpelier, VT 05620-3803

5. The Court specifically directs that the Respondent comply with paragraphs B through D of the Administrative Order within the respective deadlines as calculated from the date of this Judgment Order.

6. The Court further directs that Mr. Zeke Church, as the designated agent of the Respondent, to comply with the following:

a. Within thirty (30) consecutive calendar days from the date of this Judgment Order, Mr. Church or his successor agent for Respondent shall mail copies of this Judgment Order, including a copy of the Administrative Order, to all current members of the South Village Owners Association via certified mail and certify in writing to both the Court and the Agency that he has done so.

6

b. Within thirty (30) consecutive calendar days from the date of this Judgment Order, Mr. Church or his successor agent for Respondent shall provide to the Agency in writing a list of all the current members of the South Village Owners Association.

c. Mr. Church or his successor agent for Respondent shall send written verification to all members of the South Village Owners Association that it has complied with paragraphs B through D of the Administrative Order no later than fifteen (15) days after compliance is reached.

**Rights of Appeal (10 V.S.A. §§8012(c)(4) and (5)):**

WARNING: This Decision will become final if no appeal is requested **within 10 days of the date this Decision is received**. All parties to this proceeding have a right to appeal this Decision. The procedures for requesting an appeal are found in the Vermont Rules of Appellate Procedure (V.R.A.P.) subject to the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 4(d)(6). Within 10 days of receipt of this Order, any party seeking to file an appeal must file the notice of appeal with the Clerk of this Court, together with the applicable filing fee. Questions may be addressed to the Clerk of the Vermont Supreme Court, 111 State Street, Montpelier, VT 05609-0801, (802) 828-3276. An appeal to the Supreme Court operates as a stay of payment of a penalty, but does not stay any other aspect of an order issued by this Court. 10 V.S.A. §8013(d). A party may petition the Supreme Court for a stay under the provisions of V.R.C.P. 62 and V.R.A.P. 8.

Electronically signed on October 17, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

7